OPINION of the Court, by
Judge Owsiey.
-The plaintiffs in error having executed an obligation binding themselves to pay unto Thomas Lewis, executor of Abraham Lewis, deceased, $>1501, and having failed to discharge the same according to its stipulations, the de-fendant in error, as administrator of the estáte of said Abraham Lewis, brought this action in the court below fop the purpose of collecting the amount of the obliga-tion; and after setting forth in his declaration the exé-cutioh of the obligation as aforesaid, alleged that five county Court by whom probate of the will was granted, St a subsequent term, repealed the letters.of' administrar tion which had been granted to the said Thomas Lewi|, *477 executor of the last will of Abraham Lewis, deceased, and then and there granted letters of administration with the will annexed to Archibald Woods, the present defendant, whereby he averred an action accrued to hint as administrator, &c. To this declaration the plaintiffs in error, who were defendants in the court below, filed a general demurrer and two special pleas in bar. The plaintiff in that court joined the demurrer, and filed demurrers to the special pleas in bar, which being also joined by the present plaintiffs, that court overruled the demurrer to the declaration, and sustained the demur-rersto the pleas and gave judgment against the present plaintiffs for the amount of the obligation with interest and costs. ■
An executor ⅛*/ ¡,¡ven t0 ⅛⅛> w¡.h>ut mak-c”r!fieate-of procb"t.
An order of court «Pe*lins g^en to or.e peri™, g‘ves,no ri8ht '“m 'niSórta fue on a bond siven t0 ttis
In determining the present contest our inquiries will be confined exclusively to the sufficiency of the declaration to maintain the action in the name of the present defendant, upon the obligation executed to the executor. As administration with the will annexed is alleged to have been granted to Woods, it is obvious the order of the county court granting probate of the wili must be supposed still to remain in full force, and that the charge in the declaration of the court having repealed the ietters of administratiqn which had been previously granted to the executor, must be considered as an averment of a repeal of the order of the court granting a certificate of probate to the executor. Thus considering the declaration, it cannot be material to a decision in the present case to inquire into the power of the court, after granting a certificate of probate, at a subsequent term to revoke such an order: for if the power be admitted, according to no principle of law can the exercise of it have any operation in the present case. The authority of an executor is not derived from the order granting a certificate of probate, but from the will. He may perform many acts before probate: he may release debts, assent to legacies, and alienate the goods of his testator; and although as a general rule he cannot declare, yet he, may commence suit before probate ; and where goods are taken out of his possession, or sold by himself, as no profert of the letters testamentary are required in those cases, he may even maintain such suits before probate. —See Com. Dig. 343, and the authorities there cited.
According to these authorities, therefore, were Lewis the executor to bring an action on the obligation upon *478 ■which this suit is founded, as it appears to have been ex-* ecuted to him, he would not be required to make profert of the certificate of probate or letters testamentary; and consequently the order of the court (if they had authority to make it) repealing the order granting a certificate of probate, could not in anywise affect such a suit; and if not, it inevitably results that by the order granting administration to Woods, no right of action can have been transferred to him.
The judgment of the court below must therefore be reversed with costs, the cause remanded and judgment entered in favor of the appellants upon the demurrer to the declaration.